CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. § 1983

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

FILED IN CLERK'S OFFICE
U.S.D.C. -Gainesville

AUG   1 2014

JAMES N. HATTEN, Clerk
By: Vicki Dougherty   Deputy Clerk

_Ricky J. Johnson #124129_
(Enter above the full name and prisoner
identification number of the plaintiff, GDC
number if a state prisoner.)

-vs-

_Forsyth County Board of Commiss.; Major_
_Tom Wilson; Former Sheriff Ted Paxton;_
_Unknown Forsyth County Sheriffs Deputies, et al._
(Enter above the full name of the defendant(s).)

2:14-CV- 173

I.     **Previous Lawsuits**

    A.    Have you filed other lawsuits in federal court while incarcerated in any institution?

           Yes (X)      No ( )

    B.    If your answer to A is yes, describe each lawsuit in the space below. (If there is
more than one lawsuit, describe the additional lawsuits on another piece of paper,
using the same outline.)

        1.    Parties to this previous lawsuit:

               Plaintiff(s):  _Due to lack of adequate space, please_
                                 _see attached pages 16-17 for complete_

               Defendant(s):  _information on all previous lawsuit history._

        2.    Court (name the district):

        3.    Docket Number:

/.

**I.**   **Previous Lawsuits (Cont'd)**

    4.     Name of judge to whom case was assigned: _____

    5.     Did the previous case involve the same facts?

               Yes ( )     No ( )

    6.     Disposition (Was the case dismissed?  Was it appealed?  Is it still pending?):

              _____
              _____

    7.     Approximate date of filing lawsuit: _____

    8.     Approximate date of disposition: _____

**II.**   **Exhaustion of Administrative Remedies**

Pursuant to 28 U.S.C. § 1997e(a), no prisoner civil rights action shall be brought in federal court until all available administrative remedies are exhausted.  Exhaustion of administrative remedies is a precondition to suit, and the prisoner plaintiff must establish that he has exhausted the entire institutional grievance procedure in order to state a claim for relief.

    A.    Place of Present Confinement: *Ware State Prison*

    B.    Is there a prisoner grievance procedure in this institution?

               Yes (X)     No ( )

    C.    Did you present the facts relating to your complaint under the institution's grievance procedure?

               Yes ( )     No (X)

    D.    If your answer is YES:
        1.     What steps did you take and what were the results?

              _____
              _____
              _____
              _____
              _____

        2.     If your answer is NO, explain why not: *These issues occurred at the Forsyth County Detention Center (F.C.D.C.)*

Rev. 12/5/07

2.

III.   **Parties**
(In item A below, place your name in the first blank and place your present address in the second blank.)

A.   Name of Plaintiff: _Ricky J. Johnson #1124129_

Address(es): _Ware State Prison, 3620 Harris Rd., Waycross,_
_Georgia, 31501_

(In item B below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Do the same for each additional defendant, if any.)

B.   Defendant(s): _Forsyth County Bd of Comm'rs.; Major Tom Wilson;_
_Former Sheriff Ted Paxton; Unknown Forsyth County Sheriffs_
_Deputies_

Employed as _Elected Officials; Forsyth County Sheriffs Office_
_employees/deputies_

at _110 E. Main St., Suite 210 Cumming, Ga., 30040 (Bd of Comm'rs.)_
_304 Veterans Memorial Dr., Cumming, Ga., 30040 (F.C.S.O. Deputies)Major_
_Wilson, et al._

IV.   **Statement of Claim**
State here as briefly as possible the facts of your case.  Describe how each defendant is involved.  Include also the names of other persons involved, dates, and places.  **Do not give any legal arguments or cite any cases or statutes.**  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  (Use as much space as you need.  Attach extra sheets if necessary.)

_This suit was previously initiated & filed on May 10, 2012. On February 5,_
_2014 this Court dismissed the suit, due to Plaintiff failure to adequately_
_list all previous lawsuits.   (without prejudice) Case No.: 2:12-cv-00108-RWS/JCF_

_Plaintiff has sent to Defendants a Notice of Intent to Refile on February_
_27, 2014_

_Plaintiff submits that he is refiling this suit within six months_
_of the dismissal without prejudice._

Rev. 12/5/07

3.

## IV. Statement of Claim (Cont'd)

This suit seeks redress for damages suffered by Plaintiff due to the acts & omissions of the Defendants resulting from violations of his Federally protected rights of Due Process, Free Speech, Access to the Courts, Right to counsel, From cruel & unusual punishment, From illegal seizure of his property guaranteed by the United States Constitution Amendments 1, 4, 5, 6, 8, & 14.

### First Claim.

Plaintiff was convicted in Hall County Superior Court of commercial burglary and theft by receiving on July 15, 2008 and was sentenced to a twenty years with ten to serve in the Georgia Dept. of Corrections. Plaintiff subsequently attempted to withdraw his guilty plea & to also appeal the denial of that motion to the Ga. Court of Appeals. Plaintiff was pro se in those proceedings until July 2010 - & again   —Continued

Please see attached pages 6-14

## V. Relief

State briefly exactly what you want the Court to do for you.  Make no legal arguments.  Cite no cases or statutes.

### First Claim.
By denying Plaintiff access to a law library or legal research material Defendants have caused him substantial damages due to his inability to withdraw his guilty plea in Hall County; access the performance of appointed counsel, among other things - including the filing of the petition for certiorari to the Georgia Supreme Court. Plaintiff seeks compensatory damages of $250,000.00;

Rev. 12/5/07

4.

**V.    Relief (Cont'd)**

For deliberately violating a court order and its own policy in denying Plaintiff access to the law library Plaintiff seeks punitive damages of an additional $250,000°° or an amount determined at jury trial; Plaintiff also seeks injunctive relief in the form of an order requiring F.C.D.C. to allow access to the law library to Plaintiff upon his return to F.C.D.C. for motion for new trial & pending charges.

_____ * CLAIMS FOR RELIEF CONTINUED ON Pages 14-15 *

Signed this ___14___ day of ___July_____, 20_14_.

_Ricky J. John_
Signature of Plaintiff

**STATE OF** ___GA_____
**COUNTY (CITY) OF** ___Ware_____

I declare under penalty of perjury that the foregoing is true and correct.

**EXECUTED ON** ___7/14/14_____
(Date)

_Ricky J. John_
Signature of Plaintiff

Rev. 12/5/07

5.

from March, 2012 to present. In the intervening years Plaintiff has been transferred from the custody of Department of Corrections (hereinafter D.O.C) to Forsyth County Sheriffs Office (hereinafter F.C.S.O.) for resolution of outstanding charges. over 15 times F.C.S.O. has a policy that prohibits inmates access to a law library or legal research material unless they obtain a court order. Plaintiff obtained a court order in 2008 and another in 2009. (See Exhibit "A") Despite having these orders Plaintiff was repeatedly refused access to the law library. As a result Plaintiff pro se motion to withdraw his guilty plea was denied, his appeal was denied, and his petition for writ of certiorari was denied as well. In short, by denying Plaintiff access to a law library / legal research material, he was unable to adequately challenge his Hall County conviction. Had Plaintiff been permitted access to the law library there is a reasonable likelihood that he would have prevailed in those proceedings because on March 13, 2014 Plaintiff successfully raised a "Boykin" violation in a habeas corpus proceeding in Ware Superior Court case number 13-V-0804. Plaintiff notes that on a few occasions in 2009 he was permitted to use the computer at the F.C.D.C. but only after midnight and as late as 2:00 AM. The Defendants informed Plaintiff upon his many transfers to F.C.D.C. that the Court

order allowing law library access was no longer valid after leaving the jail & being returned in justifying denying access to the law library. However, this rule is not part of the policies & procedures, nor does the Order contain an expiration date. A copy of that Order is attached as Exhibit "A" at page 18. (A copy of the 2008 order will be provided once obtained). These court orders notwithstanding, Plaintiff submits that the denial of access to the law library or legal research material hinders an accused citizens ability to access the courts in relation to issues involving the performance of his counsel, ability to assist in his defense, determine whether his conditions of confinement meet normally accepted standards. Plaintiff notes that in Georgia, publicly appointed counsel is not required to challenge a clients conditions of confinement claims.

Plaintiff submits that the failure to provide access to pro se defendants trying to appeal their convictions a law library/legal research material is a policy by Defendants to simply save money & serves no penealogical purpose, and is violative of Plaintiffs 5th, 6th, & 14th Amendment Rights guaranteed by the U.S. Constitution.

## Second Claim.

On January 15, 2011 Plaintiff was returned to F.C.D.C. to appear in court for a hearing on a "Plea In Bar." The trial court continued that hearing to allow Plaintiff and his counsel to review facts and evidence obtained by Plaintiff that would establish his innocence to the pending outstanding charges of Commercial burglary & theft by receiving stolen property. This evidence consisted of receipts, bills of sale, and affidavits of ownership regarding the alleged stolen property in question. After court was adjourned, Plaintiff was returned to F.C.D.C. Upon arrival a unknown deputy removed from Plaintiff the two large envelopes containing this evidence for the "alleged" purpose of searching it for contraband. Plaintiff objected to this seizure & requested its return, over the course of two weeks. (The time of the continuance). Plaintiff went back to court and his attorney Mr. Rex McClinton, complained to the court that despite his efforts Forsyth County deputies refused to release these documents and evidence. The trial court issued an Order on February 9, 2011 directing the F.C.S.O. to "immediately locate, using any and all methods required including but not limited to

8.

review of video tape records, and return to Mr. Johnson any & all such materials so taken..." That order is attached as Exhibit "B" at page 19. F.C.S.O. deputies/employees failed to comply with this order. At a subsequent hearing deputies & employees of F.C.S.O provided testimony confirming that the legal material was in fact removed from Plaintiff & placed in his property, but could not locate it, nor account for it. The deputies surmised that the material was given to a Hall County Sheriffs Office transport officer (F.N.U) Howard, but Officer Howard denied ever seeing it, nor did he sign for it, as is the normal practice in receiving inmate property.

Plaintiff submits that F.C.S.O. deputies & employees know or should know that such material is to be returned to a defendant after a cursory examination upon return from court. That is the regular practice. The seizure & "loss" of Plaintiff evidence was clearly deliberate & intentional. Its inherent value to the defense of the criminal charges was obvious & would have exonerated me. Instead, the Plea in Bar was denied & the case remains pending. Forsyth County Superior Court case no.: 08-CR-0669. Plaintiffs ability to defend from these charges is now crippled, & submits that had

Defendants provided adequate facilities for storing and accounting for inmates property as well as adequate training for the deputies & employees in the handling of accused citizens seized property, particularly in the form of evidence & legal material pertinent to the defense, there is a reasonable likelihood that not only would the material not get "lost", but would not have been seized at all.

These acts & omissions of the Defendants have caused Plaintiff irreparable harm and violate his 1st, 4th, 5th, 6th, & 14th Amendment Rights guaranteed by the U.S. Constitution.

## Third Claim.

The F.C.S.O. has instituted a post card only rule that requires all correspondence to and from the facility from family & friends (presumably others) to be on a 3 × 5 postcard. No stamps or envelopes are sold via the jail commissary. Plaintiff submits that correspondence from his family & friends has been returned as "undeliverable" when the normal practice is to place it in the inmates property. Some of this returned mail included legal

material. Plaintiff notes that in addition to not providing access to a law library/legal research material, F.C.S.O. has a strict policy of not making any copies for inmates. Thus, Plaintiff would send material home for copying (while in custody of George D.O.C.) & have it mailed back. This policy further implicates the attorney/client privilege, as any correspondence to an attorney on a post card could be construed as a waiver of that privilege.

Plaintiff further submits that this policy is an infringement on his 1st Amendment Right to freedom of speech & to express himself to his loved ones, or to correspond freely with members of the media, or to his religious matters. This policy is a form of censorship that is not related to any penological interests or safe operation of the facility. The policy also violates the 1st Amendment Rights of Plaintiff family & friends as well, who may wish to express private or intimate thoughts & feelings. Also, this policy has a chilling effect on Plaintiff's ability to complain about various events transpiring at the jail & questionable actions of officers. Inmates should be able to express to persons outside the jail concerns about mistreatment by jail staff.

without concern that letters to that effect are being censored.

Plaintiff further submits that due to this policy his access to the Georgia Supreme Court for petition for writ of certiorari was also hindered, & the only reason it was filed at all was because my 75 year old mother had to come to the jail, pick up the petition, copy it seven times,     (Ga. Supreme Ct. Rules require seven copies) and then travel to the post office for mailing. Were it not for my mother it would not have gotten filed—at all.

The post card only policy of the F.C.S.O. has resulted in violations of Plaintiffs 1st, 4th, 5th, 6th, & 14th Amendment Rights guaranteed by the U.S. Constitution.


## REQUEST TO SUPPLEMENT CLAIMS


Prior to the Court dismissing w/out prejudice the initial suit, Plaintiff was preparing to file a supplemental complaint for retalitory actions taken by F.C.S.O. deputies. Those actions include: (a) Deliberate indifference to a serious medical need;

12.

(b) Placing Plaintiff in Max Isolation for reason's not provided for in Classification procedures

(c) False charges of disciplinary misconduct by deputies & being denied a fair hearing resulting in loss of privileges.

(d) Subjected to cruel & unusual punishment (i.e. placed in Max Isolation for over 90 days with no recreation, sunlight, fresh air; 24 hour a day lighting 7 days per week) This is not an exhaustive list.

Plaintiff is a layman with no formal legal training. While it is true that he is _slowly_ grasping how to competently present his claims, he is unsure how to proceed under the present circumstances. That is, the refiling of this suit. Instruction from the Court on the issue of presenting these additional claims, without resorting to filing a seperate action would be helpful & avoid unnecessary litigation. Thus, Plaintiff

requests permission to supplement this complaint to include these additional claims.

## RELIEF REQUESTED – Continued

**Second Claim.**   Plaintiff submits that due to Defendants actions he is now unable to prove his innocence at trial or to make any valid claim to the property seized from him by F.C.S.O. which form the basis of the criminal charges outstanding against him. F.C.S.O. has estimated the value of that property at $105,000$^{00}$ Therefore, Plaintiff is seeking compensatory damages of $105,000$^{00}$ and punitive damages in the amount of $315,000$^{00}$

**Third Claim.**   For infringing & hindering Plaintiffs First Amendment Right Plaintiff is seeking compensatory and punitive damages to be determined by a jury; Plaintiff further seeks injunctive relief in the form of an Order to end the post card only policy of F.C.D.C.

Plaintiff further requests a jury trial to resolve these claims and also permission to supplement his complaint to include the retaliation of F.C.S.O. deputies listed on pages 12-13 parts (a), (b), (c), & (d) as well as additional damages for those claims.

Plaintiff also requests any other relief this Court deems just and proper.

Ricky J. Johnson # 1124129

15.

-PREVIOUS LAWSUIT HISTORY - (Cont.)

Federal Actions pursuant to 42 U.S.C§1983 violations of Civil Rights by government officials under color of law.

1.) Ricky J. Johnson v. Forsyth County Bd. of Comm'rs., et al
Civil Action No. 2:12-CV-00108-RWS-JCF
Judge(s): Richard W Story ; Magistrate James C. Fuller
Filed: May 9, 2012 ; Status: Pending
Conditions of confinement ; Access to courts claims.

2.) Johnson v. Hall County Bd. of Comm'rs, Steve Cronic, et al.,
2:10-CV-164-WCO ; Judge William C. O'Kelly ; Filed: 8-24-2010)
Dismissed: July 11, 2011 ; Conditions of confinement

3.) Johnson v. Greenville County, et al., 0:06-CV-3247-HFF
Filed District of South Carolina.        November 17, 2006
Dismissed on summary judgement March 18, 2008 for lack of
prosecution ; Judge: Cannot remember ; Conditions of confinement

4.) Johnson v. Abercrombie, et al., 1:04-CV-3461-WSD
Filed: N.D. Ga. November 22, 2004 ; Dismissed January 31, 2005
Judge: Cannot remember ; Malicious prosecution

16.

## PREVIOUS LAWSUIT HISTORY (cont.)

5.) Johnson v. Trifilo, 4:11-CV-114-HLM ; Filed: May 2, 2011.
Dismissed: Aug. 1, 2011. ; Judge: Never knew ; False Arrest

6.) 1983 Action filed in Eastern District of Wisconsin — have
no further information on this case ; Conditions of confinements

7.) This action was previously filed in this Court. Case No.
2:12-CV-0108-RWS ; Judge Richard W. Story ; Dismissed W/out
prejudice on February 5, 2014

## STATE ACTIONS

8.) Ricky J. Johnson v. Glen Johnson, Warden, 13-V-0804; Habeas
Corpus ; Ware Superior Court ; Waycross, Ga. ; Judge Clarence Blount ;
Pending

9.) Ricky J. Johnson v. Connie L. Brooker, et al, 14-CV-235-2 ;
Mandamus ; Forsyth County Superior Ct. ; Cumming, Ga. ; Judge —
unknown ; Voluntarily withdrawn.

17.

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF GEORGIA

Ricky J. Johnson, #1124129       )    Case No.: Unassigned

Plaintiff, pro se               )    Title 42 U.S.C. 1983

v.                              )    Civil Rights Complaint

Forsyth County Bd of Comm'rs., et al )

                                )

## Certificate of Service

This is to certify that a true and correct copy of the forgoing 1983 civil action complaint has been sent via certified mail to Defendants counsel at: Williams, Morris & Waymire, L.L.C. Suite A, Building 400, 4330 South Lee St., Buford, Georgia, 30518, Attn. Jason C. Waymire and also to Chairman, Forsyth County Board of Comm'rs. at 110 E. Main St., Suite 210 Cumming, Ga., 30040; Sheriffs Office Forsyth County, 204 Veterans Memorial Dr., Cumming, Ga., 30040

Dated: 7-14-14                  Submitted by,

                                Ricky J. Johnson-Ricky J Johnson
                                1124129

Ware State Prison, 3620 Harris Rd., Waycross, Ga., 31501