IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| RICKY J. JOHNSON,<br>GDC ID # 1124129,<br>    Plaintiff,<br><br>v.<br><br><br>SHERIFF DUANE PIPER,<br>TED PAXTON, Former Sheriff,<br>CAPT. SMITH, LT. FEE, SGT. HUGHES,<br>OFFICERS GAY, HOBBS & COLE,<br>NURSE TONYA SIMMONS MARTIN,<br>    Defendants. | : CIVIL ACTION NO.<br>: 2:14-CV-00173-RWS<br>:<br>:<br>:<br>:<br>:<br>:<br>: PRISONER CIVIL RIGHTS<br>: 42 U.S.C. § 1983<br>:<br>:<br>:<br>: |

**ORDER**

The Court has granted the summary judgment motion filed by Tonya Simmons Martin ("Simmons") (Doc. 78) on Plaintiff's medical deliberate indifference claim; and has granted in part the summary judgment motion filed by the Forsyth County Defendants (Sheriffs Piper and Paxton, Capt. Smith, Lt. Fee, Sgt. Hughes, and Officers Gay, Hobbs and Cole) (Doc. 80) on Plaintiff's First Amendment access-to-courts and postcard-only claims, his retaliation and conditions-of-confinement claims and his medical deliberate indifference claim against Sheriff Piper; and the Court has denied the Forsyth County Defendants' summary judgment motion (Doc. 80) on Plaintiff's medical deliberate indifference claims against Lt. Fee and Sgt. Hughes.

(Doc. 118). Plaintiff has filed a Motion for Reconsideration within 28 days of the Court's judgment, as provided under Federal Rule of Civil Procedure 59(e). (Doc. 119). Defendants Fee and Hughes have filed an appeal on qualified immunity grounds. (Doc. 121).

A Rule 59(e) motion for reconsideration is appropriate only in light of "(1) newly discovered evidence, (2) an intervening development or change in controlling law, or (3) the need to correct a clear error or prevent manifest injustice." *Jersawitz v. People TV*, 71 F. Supp. 2d 1330, 1344 (N.D. Ga. 1999) (noting that "[a] motion for reconsideration is not an opportunity for the moving party . . . to instruct the court on how the court could have done it better the first time" (internal quotations omitted)); *see also United States v. Battle*, 272 F. Supp. 2d 1354, 1357 (N.D. Ga. 2003) (noting in § 2255 context the same "three primary grounds for reconsideration of a judgment" and stating that movant "must demonstrate why the court should reconsider its decision and [must] set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision" (internal quotations omitted)); *Hamm v. Allen*, 5:06-cv-00945-KOB, 2013 U.S. Dist. LEXIS 115173, at *2-3 (N.D. Ala. Aug. 15, 2013) ("The text of Rule 59(e) does not set forth specific grounds for relief, and the decision to alter or amend the judgment is

committed to the sound discretion of the district court." (citing *American Home Assurance Co. v. Glenn Estess & Assoc., Inc.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985)). " 'The only grounds for granting [a Rule 59(e)] motion are newly-discovered evidence or manifest errors of law or fact.' " (quoting *United States v. Marion*, 562 F.3d 1330, 1335 (11th Cir. 2009) (internal quotations omitted)). . . . "Furthermore, a judgment will not be amended or altered if to do so would serve no useful purpose." (citing 11 Wright, Miller & Kane, Federal Practice & Procedure § 2810.1 (2d Ed. 1995)) (citations altered or omitted)), *affirmed by Hamm v. Comm'r, Ala. Dep't of Corr.*, 620 Fed. Appx. 752 (11th Cir. 2015).

Plaintiff's claims concern his treatment while housed at the Forsyth County Detention Center ("FCDC"). The Court allowed the following of Plaintiff's claims to proceed:

1. his access-to-courts claims against former Sheriff Paxton in his individual capacity and against current Sheriff Piper in his individual and official capacities — alleging the denial of access to the FCDC library and the loss of his legal documents, and challenging the FCDC postcard-only policy;

2. his medical deliberate indifference claims against current Sheriff Piper in his official capacity and against Lt. Fee, Sgt. Hughes and Nurse Simmons for denying him the hernia surgery that had been scheduled for July 12, 2013;

3. his claim that current Sheriff Piper, Capt. Smith, Lt. Fee and Sgt. Hughes retaliated against him by placing him in the FCDC's maximum isolation unit

3

      ("Max-Iso");

4.     his claim that Officers Gay, Hobbs and Cole retaliated against him by filing disciplinary reports ("DRs"); and

5.     his conditions-of-confinement claim against current Sheriff Piper in his official capacity and against Capt. Smith, Lt. Fee and Sgt. Hughes regarding the conditions in the Max-Iso unit.

(Magistrate Judge's Final Report and Recommendation ("R&R") (Doc. 104) at 2).

Plaintiff raises the following issues for reconsideration.

## I.   Discovery and Appointment of Counsel

Plaintiff asserts that the Court's summary judgment order was premature because discovery was incomplete due to Defendants' stonewalling of his discovery requests, which were designed to uncover one or more conspiracies to deny Plaintiff his constitutional rights. (Doc. 119 at 2-3). He notes that the Court failed to address this issue in its order, although Plaintiff objected to the Magistrate Judge's denial of his discovery motions. (*Id.* at 3). He also notes that the Court did not address the Magistrate Judge's denial of his motion for appointment of counsel, although he objected to that determination also. (*Id.* at 3-4).

To the extent that the Court overlooked Plaintiff's objections in this regard, it now adopts the rulings of the Magistrate Judge on these preliminary matters, for

the reasons stated in the R&R. (*See* R&R at 3-8).

## II. **Defendants' Seizure of Plaintiff's Legal Documents**

Plaintiff asserts that the Court erred in determining that he has not shown that he was prejudiced by the alleged "seizure and subsequent loss/destruction of his receipts, bills of sale and affidavits of ownership of his property seized" by the Forsyth County Sheriff's Office — which property formed the basis for the theft charges on which he was later convicted — because "Defendants never made this argument" and "it is error for this Court to raise a defense for a party sua sponte that was not raised in the summary judgment motion." (Doc. 119 at 4). Plaintiff states that the Court failed to address his argument, which he has made throughout these proceedings, that without these documents he had no defense to the theft charges. (*Id.* at 4-5).

These contentions fail. Although Plaintiff is correct that Defendants did not argue that he was not prejudiced by the alleged seizure of his documents, the Magistrate Judge's R&R put Plaintiff on notice that the Court would consider granting summary judgment to Defendants on that basis. Yet Plaintiff still has not offered any evidence showing how he was harmed by the alleged seizure and loss of his documents. (*See* Doc. 118 at 11 ("Plaintiff has not presented any actual evidence

5

of harm resulting from his alleged denial of access to the courts. Speculation — not founded on demonstrable facts — will simply not do.")).[1]

## III. Defendant Simmons's Potential Liability

Plaintiff disputes the Court's interpretation of an email sent to Inmate Medical at the FCDC on the day before he was scheduled for laparoscopic surgery for his hernia, which email refers to Simmons by her first name. (Doc. 119 at 6). Plaintiff contends that this email is sufficient to create a genuine issue of material fact for trial

---

[1] A district court may not grant summary judgment on "grounds not raised by a party" unless the opposing party receives "notice and a reasonable time to respond." FED. R. CIV. P. 56(f)(2). But formal notice is not required if "something in the record [here, the Magistrate Judge's R&R] placed the parties on notice that the district court could consider the issue when deciding whether to grant summary judgment." *Karlson v. Red Door Homes, LLC*, 553 Fed. Appx. 875, 877 (11th Cir. 2014); *see Shivers v. Int'l Bhd. of Elec. Workers Local Union 349*, 262 Fed. Appx. 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment when a magistrate judge issues a report recommending that outcome and the party is given time to object to the recommendation); *Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that Report and Recommendation served as notice that claims would be *sua sponte* dismissed); *see also Grant v. Withers*, 1:17-CV-3041-TWT-LTW, 2017 U.S. Dist. LEXIS 154273, at *2 n.2 (N.D. Ga. Aug. 21) ("District courts may sua sponte dismiss a habeas petition under Rule 4 after affording the parties fair notice, which this Report and Recommendation provides." (citing *Day v. McDonough*, 547 U.S. 198, 209-10 (2006))), *adopted by* 2017 U.S. Dist. LEXIS 153659 (N.D. Ga. Sept. 20, 2017); *Ingram v. Director, TDCJ-CID*, 6:12cv489, 2012 U.S. Dist. LEXIS 129194, at *2 (E.D. Tex. Sept. 10, 2012) ("[T]he Report and Recommendation gave [petitioner] fair notice that the case may be dismissed as time-barred, which gave him the opportunity to file objections to show that the case should not be dismissed based on the statute of limitations.").

as to whether Simmons participated in the alleged conspiracy to deny him the surgery, especially in light of Simmons' failure to disclose the name of the "jail security staff" from whom she allegedly received notice of Plaintiff's transfer to state prison rather than to his scheduled surgery the following day. (*Id.* at 6-7). "The Plaintiff nor this Court should be left to wonder[] about who gave notice to Ms. Simmons that caused her to cancel Plaintiff's prescribed surgery." (*Id.* at 7). Plaintiff decries the lack of evidence on this issue and attributes that lack to Defendants' failure to respond to his discovery requests. (*Id.* at 7-9). Plaintiff suggests that both Simmons and Sheriff Piper "apparently knew who the responsible parties are and more importantly have a legal duty to reveal their identity [sic], and their refusal to do so leads to the conclusion that they are the culpable parties." (*Id.* at 7). Plaintiff argues that "until Defendant Simmons provides the names of 'jail security staff' and other evidence, including all e-mails showing who, what, why and when on the issue of the transfer and cancellation of the prescribed surgery, summary judgment in her favor should not be granted." (*Id.* at 9-10).

In its previous order, the Court stated:

> Defendant Simmons argues in her summary judgment brief:
>
> The record is devoid of any evidence that Defendant

7

> > Simmons was in any way involved in the transfer of Plaintiff back to the custody of the Georgia Department of Corrections the day before his surgery was scheduled. Indeed, the undisputed record evidence demonstrates that Defendant Simmons received notice of the transfer from jail security staff in the late afternoon prior to the transfer the following morning. At that point, Defendant Simmons cancelled the surgery and contacted the nurse case manager with the Department of Corrections about the pending surgery and faxed the information to the Georgia Department of Corrections as requested.
>
> (Doc. 78-1 at 8 (citation omitted)). The so-called "smoking gun" evidence to which Plaintiff refers in his objections is nothing of the sort, at least with respect to Simmons. It is an email from the GDC's CMCC Offender Administrator, Office of Health Services, sent on the afternoon of July 11, 2013, authorizing the Forsyth County Sheriff's Office to transport Plaintiff to ASMP on July 11 or 12, and advising Simmons to "please ensure that the inmate is transported with all medical records test and scan." (Doc. 103-1). There is no suggestion in this email, or in any other record evidence, that Simmons participated in planning Plaintiff's transfer to state prison to prevent him from receiving laparoscopic surgery scheduled elsewhere on July 12. At most, if the ASMP officials never received Plaintiff's medical records as requested (*see* Doc. 88-3 at 20), Simmons was negligent for failing to send them. There is thus no genuine issue of material fact for trial as to whether Simmons's actions, or failure to act, rose to the level of medical *deliberate* indifference.

(Doc. 118 at 20-21). Plaintiff has offered only speculation on this issue, which is not a proper basis for the Court to retreat from its previous conclusion. *See Battle*, 272 F. Supp. 2d at 1357 (requiring "facts or law of a strongly convincing nature to induce

8

the court to reverse its prior decision").

## IV. Sheriff Piper's Potential Liability

Plaintiff states that the Court has changed the "law of this case" as to whether Sheriff Piper acts in his official capacity as an arm of the state or of the county in providing medical care to FCDC inmates, and the Court has failed to determine whether Sheriff Piper acted in his official or individual capacity in this regard. (Doc. 119 at 10-11).

In his R&R, the Magistrate Judge noted that based on caselaw current in this Circuit at the time Plaintiff's claims were allowed to proceed, Plaintiff *perhaps* had a viable medical deliberate indifference claim against Sheriff Piper in his official capacity. (*See* R&R at 32 ("Under the Eleventh Amendment, Plaintiff may not obtain damages from any Sheriff's Office Defendant sued in his official capacity, except *perhaps* on Plaintiff's medical deliberate indifference claim.")). But subsequent developments have shown that Plaintiff does not have such a claim. *See Lake v. Skelton*, 840 F.3d 1334, 1336 (11th Cir. 2016) (based on the four-factor test established in *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003) (*en banc*), reversing denial of Eleventh Amendment immunity to deputy sheriff because "the sovereign immunity of Georgia extends to a deputy sheriff who denies a dietary

9

request of an inmate in a county jail"); *see id.* at 1339-41 (noting similarity between Georgia sheriff's duty to provide medical care to county jail inmates and his or her duty to provide food to those inmates; also noting that "[t]he Georgia Court of Appeals has never construed [the relevant state statute] to mean that a sheriff acts on behalf of the county when he provides medical care"). And Plaintiff's medical deliberate indifference claim against Sheriff Piper was allowed to proceed against him *only* in his official capacity, which claim fails, for the reasons stated above.

### V.     Plaintiff's Newly Raised Americans-With-Disabilities-Act Claim

Plaintiff argues that if the law of the case has indeed changed with regard to Sheriff Piper's official immunity, then he should be allowed to amend his complaint to raise a claim under Title II of the Americans With Disabilities Act of 1990, 42 U.S.C. § 12131 *et seq.* ("the ADA"). (Doc. 119 at 12-15). "Plaintiff requests, in the most respectful way possible, that this Court grant leave to amend this claim under the A.D.A. and/or reconsider it under the A.D.A." (*Id.* at 14-15).

Plaintiff's attempt to raise an ADA claim for the first time at this late hour fails because he may not raise a new claim in a motion for reconsideration. *See Hudson v. Middle Flint Behavioral Healthcare*, 522 Fed. Appx. 594, 597 (11th Cir. 2013) ("find[ing] no error in the district court's refusal to consider Hudson's sexual

10

harassment claim[,]" which she "failed to properly raise . . . because she did not present it until she filed her post-judgment motion for reconsideration" (citing *Gilmour v. Gates, McDonald and Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004), to the effect that "a nonmovant could not raise new arguments in a brief opposing a motion for summary judgment")).

## VI. The Sheriffs' Potential Supervisory Liability

Finally, Plaintiff contends that this Court failed to address the Sheriffs' potential supervisory liability with respect to "hiring, training of staff [and] the lack of policies regarding [Plaintiff's] claims." (Doc. 119 at 15). "Without determining the Supervisor liability issue[,] summary judgment should not be granted." (*Id.*). The issues Plaintiff raises here appear to be new and, therefore, as noted above, inappropriate in a motion for reconsideration.

For the foregoing reasons, Plaintiff's Motion for Reconsideration (Doc. 119) is **DENIED**.

**IT IS SO ORDERED** this 16th day of November, 2017.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)